RE: ARBITRAGE REBATE OPINION REQUEST
ATTORNEY GENERAL LOVING HAS REQUESTED THAT I RESPOND TO YOUR LETTER WHEREIN YOU REQUEST THAT THIS OFFICE MAKE A DETERMINATION AS TO WHETHER THE OKLAHOMA CITY PUBLIC SCHOOLS MAY LAWFULLY PAY AN ARBITRAGE REBATE IMPOSED BY THE INTERNAL REVENUE SERVICE.
AS WE HAVE DISCUSSED, THIS OFFICE IS EXTREMELY RELUCTANT TO ISSUE ANY OPINION IN RESPONSE TO YOUR QUESTION, AS THE MATTER BETWEEN THE SCHOOL DISTRICT AND THE IRS IS, FOR ALL INTENTS AND PURPOSES, AN ADVERSARIAL ONE IN WHICH THIS OFFICE HAS NO ROLE AS LEGAL COUNSEL. AS HAS BEEN THE POLICY OF MANY PAST ADMINISTRATIONS, THE ATTORNEY GENERAL FEELS THAT IT IS INAPPROPRIATE FOR THIS OFFICE TO ISSUE A LEGAL OPINION WHICH RELATES TO WHAT IS, ESSENTIALLY, A MATTER IN LITIGATION. NEVERTHELESS, AFTER OUR MEETING WITH YOU AND A REPRESENTATIVE OF THE DISTRICT, IN WHICH THAT REPRESENTATIVE STRONGLY URGED THE ATTORNEY GENERAL TO ASSIST THE DISTRICT IN RESOLVING THIS LEGAL ISSUE, THE ATTORNEY GENERAL DID AGREE TO ISSUE THIS INFORMAL RESPONSE.
MOREOVER, YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW. THEREFORE, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION THAT FOLLOWS IS NOT, THEREFORE, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
IT IS MY UNDERSTANDING THAT THE INTERNAL REVENUE SERVICE HAS TAKEN THE POSITION THAT CERTAIN CERTIFICATES OF INDEBTEDNESS ISSUED BY THE OKLAHOMA CITY PUBLIC SCHOOLS WERE, IN FACT, ARBITRAGE BONDS AND HAS ASSESSED A REBATE. TO DATE, THE SCHOOL DISTRICT, ACTING ON ADVICE OF COUNSEL, HAS REFUSED TO PAY.
IN MY OPINION, THE DISTRICT HAS LEGAL AUTHORITY TO PAY THE REBATE SHOULD IT SO CHOOSE. IT IS MY UNDERSTANDING FROM DISCUSSION OF THIS MATTER WITH THE DISTRICT'S ASSISTANT LEGAL COUNSEL THAT IT IS THE DISTRICT'S POSITION THAT ARTICLE X, SECTIONS 14 AND ARTICLE X, SECTION 19 OF THE OKLAHOMA CONSTITUTION PROHIBIT A SCHOOL DISTRICT FROM MAKING A VOLUNTARY PAYMENT WITHOUT CONSIDERATION AND THAT PAYMENT OF THE REBATE WOULD BE A VOLUNTARY PAYMENT. TWO REASONS WERE CITED. FIRST, THE REBATE IS NOT OWED BY THE DISTRICT BECAUSE ASSESSMENT OF ARBITRAGE REBATE IS NOT A TAX OBLIGATION OF THE DISTRICT. SECOND, PAYMENT OF THE REBATE IS FOR THE BENEFIT OF THE BONDHOLDERS AND THE UNITED STATES BUT NOT FOR THE BENEFIT OF THE SCHOOL DISTRICT AND THEREFORE IS NOT FOR AN AUTHORIZED PUBLIC PURPOSE.
OKLAHOMA LAW ALLOWS SCHOOL DISTRICTS TO ISSUE CERTIFICATES OF INDEBTEDNESS AS PART OF A CASH MANAGEMENT PROGRAM. 70 O.S. 5-136.1 (1991). THE CONCEPT IS THAT DISTRICTS WILL USE CERTIFICATE PROCEEDS TO PAY CURRENT EXPENSES PENDING RECEIPT OF AD VALOREM AND/OR OTHER TAX REVENUES. FOR FEDERAL TAX PURPOSES, SCHOOL DISTRICT CERTIFICATES OF INDEBTEDNESS ARE BONDS AND INTEREST ON THEM IS GENERALLY EXCLUDED FROM THE PURCHASERS' GROSS INCOME. 26 U.S.C.A. 103(A). THE TAX EXEMPT FEATURE ALLOWS THE ISSUER, IN THIS CASE A SCHOOL DISTRICT, TO MARKET THE CERTIFICATES AT AN INTEREST RATE LOWER THAN THAT APPLICABLE TO TAXABLE ISSUES. BECAUSE OF THIS, THE ISSUER IS ABLE TO REDUCE ITS COST OF BORROWING THE TAX EXEMPT FEATURE HAS A BENEFIT TO THE ISSUER.
PROBLEMS CAN OCCUR WHEN A DISTRICT BORROWS FUNDS USING CERTIFICATES OF INDEBTEDNESS AND THEN REINVESTS THE BORROWED FUNDS AT A HIGHER RATE OF INTEREST. THE DIFFERENCE BETWEEN THE TWO RATES REFLECTS "PROFIT" TO THE DISTRICT AND IS REFERRED TO AS ARBITRAGE. FEDERAL LAW SEEKS TO RESTRICT ARBITRAGE BY ELIMINATING THE TAX EXEMPTION ON THOSE ISSUES DEEMED TO BE ARBITRAGE BONDS. 26 U.S.C. 1986, 103(B)(2). THE INTERNAL REVENUE CODE REQUIRES ISSUERS, INCLUDING SCHOOL DISTRICTS, TO REBATE ANY ARBITRAGE EARNINGS TO THE UNITED STATES. 26 U.S.C. 1990, 148(F). THE AMOUNT OF REBATE PAYABLE TO THE IRS IS THE AMOUNT EARNED FROM INVESTING THE PROCEEDS OF THE ISSUE, LESS THE AMOUNT WHICH WOULD HAVE BEEN EARNED IF SUCH PROCEEDS HAD BEEN INVESTED AT A RATE EQUAL TO THE YIELD OF THE ISSUE. IF AN ISSUER FAILS TO COMPLY WITH THE REBATE REQUIREMENT, THE IRS MAY DECLARE THE INDEBTEDNESS ARBITRAGE BONDS AND THE INTEREST EARNED TAXABLE TO THE BONDHOLDER. THE IRS HAS YET TO DECLARE THE DISTRICT CERTIFICATES TAXABLE.
I HAVE BEEN PROVIDED A COPY OF A DOCUMENT ENTITLED SCHOOL DISTRICT CERTIFICATE OF INDEBTEDNESS CERTIFICATE PURCHASE AND FUNDING AGREEMENT (THE AGREEMENT). THE PARTIES TO THIS AGREEMENT ARE STIFEL, NICOLALUS AND COMPANY, INC. (THE SETTLOR), THE OKLAHOMA CITY PUBLIC SCHOOLS (THE SCHOOL DISTRICT) AND FIRST INTERSTATE BANK OF OKLAHOMA (THE TRUSTEE). SECTION 3.7 OF THIS AGREEMENT PROVIDES:
 "MAINTENANCE OF TAX EXEMPTION. THE SCHOOL DISTRICT SHALL NOT TAKE ANY ACTION OR, TO THE EXTENT WITHIN ITS CONTROL, SUFFER OR PERMIT ANY ACTION TO BE!TAKEN OR CONDITIONED TO EXIST WHICH WOULD ADVERSELY AFFECT THE EXCLUSION OF INTEREST FROM FEDERAL INCOME TAXATION CLAIMED BY THE OWNER OF A BENEFICIAL INTEREST IN THE CERTIFICATE OF INDEBTEDNESS. THE SCHOOL DISTRICT WILL NOT USE OR PERMIT THE USE OF THE PROCEEDS OF THE CERTIFICATE OF INDEBTEDNESS IN ANY MANNER THAT WOULD CAUSE THE CERTIFICATE OF INDEBTEDNESS TO BE AN "ARBITRAGE BOND" WITHIN THE MEANING OF SECTION 148 OF THE INTERNAL REVENUE CODE OF 1986, AS AMENDED. THE SCHOOL DISTRICT HAS NOT BEEN NOTIFIED OF ANY LISTING OR PROPOSED LISTING BY THE INTERNAL REVENUE SERVICE TO THE EFFECT THAT THE SCHOOL DISTRICT IS AN ISSUER OF OBLIGATIONS WHOSE ARBITRAGE CERTIFICATION MAY NOT BE RELIED UPON. THE SCHOOL DISTRICT COVENANTS AND AGREES TO OBSERVE AND BE BOUND BY THE INSTRUCTIONS, TERMS AND CONDITIONS OF THE ARBITRAGE AND USE OF PROCEEDING CERTIFICATES ATTACHED HERETO AS EXHIBIT D."
THIS AGREEMENT WAS SIGNED BY THE PRESIDENT OF THE BOARD OF EDUCATION OF THE OKLAHOMA CITY PUBLIC SCHOOLS, AND WAS ATTESTED TO BY THE CLERK OF THE BOARD OF EDUCATION. IN THE ARBITRAGE AND USE OF PROCEEDS CERTIFICATE, EXHIBIT D TO THE AGREEMENT, THE DISTRICT, AS ISSUER, PROMISES TO:
 "PERFORM ALL ACTS AND THINGS NECESSARY AND DESIRABLE WITHIN ITS REASONABLE CONTROL IN ORDER TO ASSURE THAT INTEREST PAID ON THE NOTES SHALL, FOR PURPOSES OF FEDERAL INCOME TAXATION, BE EXCLUDED FROM GROSS INCOME. EXHIBIT D, 1.6."
THIS DOCUMENT IS ALSO SIGNED BY THE PRESIDENT OF THE BOARD OF EDUCATION. A SCHOOL DISTRICT IS A "BODY CORPORATE" AND IT POSSESSES THE USUAL POWERS, INCLUDING THE POWER TO CONTRACT, OF A CORPORATION FOR PUBLIC PURPOSES. 70 O.S. 5-105 (1991). IT CANNOT BE DOUBTED THAT THE SCHOOL DISTRICT HAS BOUND ITSELF BY CONTRACT TO PAY THE REBATE SHOULD SUCH BE ASSESSED. THEREFORE, THERE IS NOTHING "VOLUNTARY" ABOUT PAYMENT OF THE ARBITRAGE REBATE. THIS CONTRACTUAL OBLIGATION CAN BE DISREGARDED IF IT WAS UNCONSTITUTIONAL WHEN ENTERED. BY ADVISING THE DISTRICT THIS PAYMENT MAY NOT BE MADE, IT DOES INDEED APPEAR TO BE THE DISTRICT'S LEGAL COUNSEL'S POSITION THAT THE DISTRICT COULD NOT IN THE FIRST PLACE AGREE TO THESE PROVISIONS OF THE CONTRACT.
ESSENTIALLY, THIS OFFICE HAS BEEN ASKED WHETHER WE AGREE WITH DISTRICT LEGAL COUNSEL THAT THE DISTRICT'S CONTRACTUAL OBLIGATIONS ARE UNCONSTITUTIONAL. THAT IS, MAY THE DISTRICT PERFORM ITS CONTRACTUAL OBLIGATION TO PAY AN ARBITRAGE REBATE, OR IS THE CONTRACTUAL OBLIGATION PROHIBITED BY THE "PUBLIC PURPOSE" REQUIREMENT OF ARTICLE X, SECTION 14, OR THE PROVISIONS OF ARTICLE X, SECTION 17. THESE SECTIONS PROHIBIT "GIFTS" IN THE FORM OF APPROPRIATIONS OF DISTRICT MONEY FOR THE BENEFIT OF CORPORATIONS OR INDIVIDUALS.
IN WAY V. GRAND LAKE ASS'N.. INC., 635 P.2D 1010 (OKLA.1981), THE OKLAHOMA SUPREME COURT HAD OCCASION TO ANALYZE THE TERM "PUBLIC PURPOSE":
 "THE TERM "PUBLIC PURPOSE" AS USED IN ARTICLE X, SECTION 17 IS NOT TO BE CONSTRUED IN A NARROW AND RESTRICTIVE SENSE. PAWNEE COUNTY EXCISE BOARD V. KERN, 187 OKL. 110, 101 P.2D 614, SUPRA. IN 51 AM.JUR. P. 378, 326, IT IS STATED THAT THE TERM "PUBLIC PURPOSE" AS USED IN CONSTITUTIONAL PROVISIONS THAT TAXES SHALL BE LEVIED FOR PUBLIC PURPOSES ONLY, IS SYNONYMOUS WITH "GOVERNMENTAL PURPOSES", AND MEANS A PURPOSE AFFECTING THE INHABITANTS OF THE STATE OR TAXING DISTRICT AS A COMMUNITY, AND NOT MERELY AS INDIVIDUALS(.)"
FEDERAL LAW ALLOWS SCHOOL DISTRICTS TO ISSUE TAX FREE OBLIGATIONS. THE SCHOOL DISTRICT BENEFITS BECAUSE SUCH ISSUES PROVIDE FOR A REDUCED INTEREST RATE AND THEREFORE THE DISTRICT'S COST OF BORROWING IS LOWER THAN IT WOULD BE WERE THE OBLIGATIONS TAXABLE. THE DISTRICT ACCEPTS AS A CONDITION PRECEDENT TO SUCH TAX FREE STATUS THAT IT WILL COMPLY WITH FEDERAL LAW. FAILURE TO COMPLY SUBJECTS THE SCHOOL DISTRICT TO THE REBATE REQUIREMENTS. ACCEPTANCE OF THIS CONDITION IS OBVIOUS WHEN ONE READS THE AGREEMENT. CLEARLY, THE DISTRICT HAS INCENTIVE TO MAINTAIN THE TAX FREE STATUS OF ITS OBLIGATIONS. THIS INCENTIVE GOES BEYOND PROTECTION OF PURCHASERS BUT IN FACT REPRESENTS AN INCENTIVE TO THE DISTRICT ITSELF. A DETERMINATION THAT THE DISTRICT'S OBLIGATIONS ARE TAXABLE WOULD IMPAIR THE MARKETABILITY OF SUCH ISSUES AND COULD POSSIBLY AFFECT THE MARKET'S PERCEPTION OF FUTURE OFFERINGS. IN ADDITION, AN AFTER THE FACT DETERMINATION THAT AN ISSUE IS TAXABLE COULD FORCE THE ISSUER INTO EXPENSIVE LITIGATION WITH BONDHOLDERS. IN MY OPINION, MAINTENANCE OF TAX FREE STATUS REFLECTS A CLEAR BENEFIT TO THE DISTRICT AND THEREFORE THE DISTRICT DID NOT VIOLATE THE CONSTITUTION BY AGREEING TO THE CONTRACTUAL PROVISION PROVIDING FOR PAYMENT OF AN ARBITRAGE REBATE. SHOULD THE DISTRICT CHOOSE TO PAY, UNDOUBTEDLY DISTRICT COUNSEL WOULD ALSO EXPLORE WHETHER THE DISTRICT MAY BE ENTITLED TO REIMBURSEMENT OF THAT PAYMENT BY OTHER PARTIES
ISSUES REGARDING INDUCEMENT AND PERFORMANCE OF THE AGREEMENT ARE BEYOND THE SCOPE OF YOUR REQUEST. MY REVIEW OF THIS SITUATION HAS BEEN LIMITED TO THE VALIDITY OF THE CONTRACTUAL OBLIGATION OF THE DISTRICT WITH RESPECT TO MAKING AN ARBITRAGE REBATE PAYMENT. THERE MAY BE VALID LEGAL REASONS RELATED TO THE AGREEMENT TO JUSTIFY THE DISTRICT'S REFUSAL TO PAY. HOWEVER, THE DECISION TO PAY LIES SOLELY WITH THE DISTRICT AFTER CONSULTATION WITH DISTRICT LEGAL COUNSEL.
(DOUGLAS F. PRICE)